UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDNA MOORE, et al.,

    Plaintiffs,                                    Case No. 14-11903
                                                  Hon. Matthew F. Leitman

v.

RUTH JOHNSON, et al.,

    Defendants.
_____/

**<u>ORDER DENYING MOTION BY REVEREND HORACE SHEFFIELD, III
AND RICK JONES TO INTERVENE</u>**

In this action, Plaintiffs John Conyers, Jr., a current Congressman and candidate for re-election to that office, and three of his supporters challenge the constitutionality of a Michigan statute requiring that any person circulating a petition to place a candidate on a primary election ballot for Congress (and numerous other offices) "shall be a registered elector of this state" and "shall be registered [to vote] in the city or township indicated in the certificate of circulator on the petition." MCL § 168.544c(3) (hereinafter, the "Registration Statute"). Defendant Cathy Garrett, the Wayne County Clerk, disqualified certain of Mr. Conyers' nominating petitions on the ground that the petition circulators did not satisfy the Registration Statute, and the disqualification of those signatures has left Mr. Conyers short of the number of signatures required to appear on the August

1

2014 primary election ballot. Plaintiffs filed a motion for a preliminary injunction barring enforcement of the Registration Statute and requiring Clerk Garrett and Secretary of State Ruth Johnson, also a defendant in this action, to place Mr. Conyers on the primary election ballot. *See* ECF # 15. Counsel for Clerk Garrett and Secretary Johnson filed substantial legal briefs in opposition to the motion and argued against the motion at a hearing before the Court on May 21, 2014. *See* ECF # 27, 28.

The Reverend Horace Sheffield, III is a candidate for Mr. Conyers' seat. Rick Jones is Rev. Sheffield's campaign manager. Rev. Sheffield has submitted a sufficient number of valid signatures to appear on the primary ballot. He would prefer that Mr. Conyers' name not appear on the primary ballot. So he and Mr. Jones moved to intervene in this action to oppose the requested relief. *See* ECF #14. In the alternative, they sought permission to appear as amici curiae. *Id.* at 3. Plaintiffs and Defendant Johnson have filed responses in opposition to the motion to intervene. *See* ECF # 31, 32.

The Court granted Rev. Sheffield and Mr. Jones permission to appear as amici. *See* ECF #22. In that capacity, their counsel participated in telephonic Status Conferences with the Court on May 15 and 19, 2014; filed a substantial legal brief in opposition to Plaintiffs' motion, *see* ECF # 25; and presented oral arguments at the May 21, 2014 hearing on Plaintiffs' motion. Notably, there was

essentially a complete overlap between the arguments presented by amici and those presented by Defendants.

Given the press of time in connection with Plaintiffs' motion and the need to maximize time for any possible appeal, the Court will be ruling on Plaintiffs' motion today. The press of time also mandates a prompt ruling on the motion to intervene so that Rev. Sheffield and Mr. Jones know their status and rights with respect to any possible appeal. While the time pressure requires a prompt ruling, it does not allow for a lengthy written analysis of the issues – the briefing of which was just completed yesterday. The Court's analysis and conclusions are set forth in this order.

Rev. Sheffield and Mr. Jones seek to intervene under Federal Rules of Civil Procedure 24(a)(2) & (b)(1)(B). Rule 24(a) provides that a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

In order to intervene as of right under Rule 24(a)(2)—

> a proposed intervenor must establish the following four elements: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before

> the court may not adequately represent the proposed intervenor's interests.

*United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). Importantly, the proposed intervenor "must prove each of these four factors; failure to meet one of the criteria will require that the motion be denied." *Id.*, *quoting Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). There is no need for the Court to address the first three factors because Rev. Sheffield and Mr. Jones so clearly fail to show that the current Defendants may not adequately protect their interests.

As an initial matter, Defendant Johnson shares the exact same objective in this litigation as Rev. Sheffield and Mr. Jones – i.e., securing a holding from the Court that the Registration Statute is constitutional and avoiding entry of any order precluding its enforcement against Mr. Conyers' – and thus there is a presumption that Secretary Johnson will adequately represent the interests of Sheffield and Jones. *See Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987), *quoting Wade v. Goldschmidt*, 673 F.2d 182, 186, n. 7 (7th Cir. 1982). An applicant for intervention fails to overcome this presumption – and thus fails to establish inadequate representation – "when no collusion is shown between the representatives and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of its duty." *Id.*

4

That is precisely the case here. Rev. Sheffield and Mr. Jones have not even suggested, much less shown, that the Defendants are colluding with Plaintiffs. None of the Defendants has an interest adverse to Rev. Sheffield and Mr. Jones. And the Defendants have done a truly outstanding job of presenting the strongest possible arguments against Plaintiffs' request for relief. This case is easily distinguishable from *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997) (reversing denial of motion to intervene under Rule 24(a)(2)), cited by Rev. Sheffield and Mr. Jones, because in that case the State's conduct actually "demonstrated that it [would] not protect the interests held by the" proposed intervenor. Just the opposite is true here. The Sixth Circuit has affirmed the denial of intervention as of right under similar circumstances. *See United States v. Michigan*, 424 F.3d 438 (6th Cir. 2005); *Bradley, supra*. The motion to intervene under Rule 24(a)(2) is **DENIED**.

The Court also declines to exercise its discretion to grant permissive intervention under Rule 24(b)(1)(B). That rule provides that "[o]n a timely motion, [a] court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d at 445, *citing Michigan State*

5

*AFL-CIO*, 103 F.3d at 1248. "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*.

Here, the motion to intervene was timely and did allege at least one common question of law or fact. But the Court nonetheless deems intervention inappropriate. The participation of Rev. Sheffield and Mr. Jones resulted in substantial duplication of efforts and undermined the efficiency of these time-sensitive proceedings. The arguments made by Rev. Sheffield and Mr. Jones were essentially all made by the Defendants – and made just as effectively. Their participation caused the Plaintiffs and the Court to have to review the same positions twice. The Court is not inclined to allow intervention and to thereby afford Rev. Sheffield and Mr. Jones a right, at every step of the proceedings, to file duplicative papers. However, the Court is more than willing to entertain additional requests from Rev. Sheffield and Mr. Jones to participate in any future proceedings as amici, and if they have something new or different to add, those requests would likely be granted. Allowing their participation as amici in connection with the preliminary injunction proceedings, and offering them the possibility of such continued participation, strikes the proper balance between maintaining efficiency and allowing them to be heard when appropriate. The Sixth Circuit has approved

of amicus participation as a substitute to permissive intervention. *See, e.g., Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000); *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975). The motion to intervene under Rule 24(b)(1)(B) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 23, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 23, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113